# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1963V

Filed: May 20, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| VIRGINIA BENNETT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Proffer; |
| | * | Guillain Barre Syndrome ("GBS"); |
| v. | * | Influenza ("Flu") Vaccine |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Richard Gage, Esq.*, Richard Gage, P.C, Cheyenne, WY for petitioner.
*Debra Begley, Esq.*, US Department of Justice, Washington, DC, for respondent.

**DECISION ON JOINT STIPULATION[1]**

**Roth**, Special Master:

On December 27, 2019, Virginia Bennett ["Ms. Bennett or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Guillain-Barré Syndrome ("GBS") after receiving an influenza vaccination on August 28, 2018. Petition at 1, ECF No. 1.

On October 23, 2020, respondent filed his Rule 4(c) Report conceding that petitioner satisfied the requirement necessary to qualify as a Table Injury under the Vaccine Injury Table. *See* ECF No. 25.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On November 9, 2020, a Ruling on Entitlement was issued, finding petitioner entitled to compensation for a Table Injury of GBS following the flu vaccine she received on August 28, 2018. ECF No. 26.

Respondent filed a proffer on May 20, 2022, agreeing to issue the following payments:

> **A lump sum of $477,977.93, representing compensation for life care expenses expected to be incurred during the first year after judgment ($142,603.46), pain and suffering ($250,000.00), and past unreimbursable expenses ($85,374.47), in the form of a check payable to petitioner, Virginia Bennett.**
>
> **An amount sufficient to purchase the annuity contract described in Section II.B. of the Proffer attached.**
>
> These foregoing amounts represent compensation for all damages that would be available under § 300aa-15(a).

Proffer, ECF No. 51.

I adopt the parties' proffer hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **VIRGINIA BENNETT,** | \* | |
| | \* | |
| Petitioner, | \* | **No. 19-1963V** |
| | \* | SPECIAL MASTER ROTH |
| v. | \* | |
| | \* | |
| **SECRETARY OF HEALTH AND HUMAN SERVICES**, | \* | |
| | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 27, 2019, Virginia Bennett ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré Syndrome ("GBS") resulting from an influenza ("flu") vaccination she received on August 28, 2018. Petition at 1-2. On October 23, 2020, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner satisfies the requirements necessary to qualify as a Table injury under the Vaccine Injury Table. 42 U.S.C. § 300aa-14(a)(XIV)(D), (c)(15). *See* ECF No. 25. On November 9, 2020, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for a Table injury of GBS following the influenza vaccine she received on August 28, 2018. ECF No. 26.

**I.     Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner receive an award as follows:

    A.    <u>Life Care Items</u>

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, and petitioner engaged rehabilitation counselors Elizabeth Kattman, B.S., M.S., and Helen M. Woodard, M.A., to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Virginia Bennett, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    C.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $85,374.47. Petitioner agrees.

**II.**     **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

A. A lump sum payment of $477,977.93, representing compensation for life care expenses expected to be incurred during the first year after judgment ($142,603.46), pain and suffering ($250,000.00), and past unreimbursable expenses ($85,374.47) in the form of a check payable to petitioner, Virginia Bennett.

B. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Virginia Bennett, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

3

describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Virginia Bennett, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Virginia Bennett's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    <u>**Summary of Recommended Payments Following Judgment**</u>

    A.    Lump Sum paid to petitioner, Virginia Bennett:    **$477,977.93**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ Debra A. Filteau Begley
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4181
Debra.Begley@usdoj.gov

Dated:   May 19, 2022

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2022 | Compensation Years 2-Life 2023-Life |
|---|---|---|---|---|---|
| AARP Medicare Adv MOP | 5% | | | 3,900.00 | 3,900.00 |
| Primary Care Physician | 5% | * | | | |
| Neurology | 5% | * | | | |
| PM&R | 5% | * | | | |
| ENT/ Audiological Eval | 5% | * | | | |
| Opthalmology Eval | 5% | * | | | |
| Urology | 5% | * | | | |
| EMG/ NCS | 5% | * | | | |
| B12/ HCTZ | 5% | * | | | |
| IVIG | 5% | * | | | |
| Alpha Lipoic Acid | 4% | | | 68.00 | 68.00 |
| Home Health Aide | 4% | | M | 118,260.00 | 118,260.00 |
| Nursing Visits | 4% | | M | 3,360.00 | 3,360.00 |
| Case Mngt | 4% | | M | 2,430.00 | 2,430.00 |
| ST | 4% | * | | | |
| PT | 4% | * | | | |
| OT | 4% | * | | | |
| Braun EVO Seat Lift | 4% | | | 9,499.00 | |
| Scooter Lift | 4% | | | 1,294.99 | |
| Bed Rails | 4% | | | 138.23 | 19.75 |
| Hosptial Bed | 4% | * | | | |
| Walker | 4% | | | 186.00 | 37.20 |
| Manual WC w/ Cushion | 4% | * | | | |
| Scooter/ Power WC | 4% | | | 1,695.00 | 242.14 |
| Scooter Maint | 4% | | | 145.39 | 145.39 |
| Scooter Batteries | 4% | | | 84.86 | 84.86 |
| Portable Ramp | 4% | | | 404.00 | 40.40 |
| Bidet | 4% | | | 250.00 | |
| Shower Chair | 4% | | | 124.00 | 24.80 |
| Handheld Shower | 4% | | | 36.59 | 3.66 |
| Grab Bars | 4% | | | 125.00 | 12.50 |
| Pill Box | 4% | | | 13.00 | 2.60 |
| Lifeline | 4% | | M | 589.40 | 539.40 |
| Pain and Suffering | | | | 250,000.00 | |
| Past Unreimbursable Expenses | | | | 85,374.47 | |
| Annual Totals | | | | 477,977.93 | 129,170.70 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($142,603.46), pain and suffering ($250,000.00), and past unreimbursable
expenses ($85,374.47): $477,977.93.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.